IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | | |
|---|---|---|
| TAMMY MATHIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 4:17-cv-00472-LSC |
| | ) | |
| NANCY BERRYHILL, | ) | |
| Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF OPINION**

**I.    Introduction**

The plaintiff, Tammy Mathis, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her applications for a period of disability and Disability Insurance Benefits ("DIB"). Ms. Mathis timely pursued and exhausted her administrative remedies and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Ms. Mathis was 46 years old on the date last insured and 49 years old at the time of the Administrative Law Judge's ("ALJ's") decision, and she has a ninth grade education. (Tr. at 289, 307.) Her past work experiences include employment

1

as a retail assistant manager, photo technician, and housekeeper. (*Id.*) Ms. Mathis claims that she became disabled on May 27, 2012, due to depression, back and neck pain, seizures, and migraines. (Tr. at 262, 306).

The Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled and thus eligible for DIB or SSI. *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The evaluator will follow the steps in order until making a finding of either disabled or not disabled; if no finding is made, the analysis will proceed to the next step. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The first step requires the evaluator to determine whether the plaintiff is engaged in substantial gainful activity ("SGA"). *See id.* §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the plaintiff is not engaged in SGA, the evaluator moves on to the next step.

The second step requires the evaluator to consider the combined severity of the plaintiff's medically determinable physical and mental impairments. *See id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An individual impairment or combination of impairments that is not classified as "severe" and does not satisfy the durational requirements set forth in 20 C.F.R. §§ 404.1509 and 416.909 will result in a finding of not disabled. *See* 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). The

2

decision depends on the medical evidence contained in the record. *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971) (concluding that "substantial medical evidence in the record" adequately supported the finding that plaintiff was not disabled).

Similarly, the third step requires the evaluator to consider whether the plaintiff's impairment or combination of impairments meets or is medically equal to the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *See* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the criteria of a listed impairment and the durational requirements set forth in 20 C.F.R. §§ 404.1509 and 416.909 are satisfied, the evaluator will make a finding of disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

If the plaintiff's impairment or combination of impairments does not meet or medically equal a listed impairment, the evaluator must determine the plaintiff's residual functional capacity ("RFC") before proceeding to the fourth step. *See id.* §§ 404.1520(e), 416.920(e). The fourth step requires the evaluator to determine whether the plaintiff has the RFC to perform the requirements of his past relevant work. *See id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the plaintiff's impairment or combination of impairments does not prevent him from performing his past relevant work, the evaluator will make a finding of not disabled. *See id.*

The fifth and final step requires the evaluator to consider the plaintiff's RFC, age, education, and work experience in order to determine whether the plaintiff can make an adjustment to other work. *See id.* §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the plaintiff can perform other work, the evaluator will find him not disabled. *Id.*; *see also* 20 C.F.R. §§ 404.1520(g), 416.920(g). If the plaintiff cannot perform other work, the evaluator will find him disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g), 416.920(a)(4)(v), 416.920(g).

Applying the sequential evaluation process, the ALJ first found that Ms. Mathis last met the insured status requirements of the Social Security Act on June 30, 2012. (Tr. at 132.) He further determined that Ms. Mathis did not engage in SGA during the period from her alleged onset date of May 27, 2012, through her date last insured of June 30, 2012. (*Id.*) According to the ALJ, through the date last insured, Plaintiff did not have a medically determinable physical or mental impairment or combination of impairments that was severe. (*Id.*) The ALJ thus concluded his findings by stating that Plaintiff was not under a "disability," as defined in the Social Security Act, at any time from the alleged onset date, May 27, 2012, through the date last insured, June 30, 2012. (Tr. at 133.)

## II. Standard of Review

This Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Stone v. Comm'r of Soc. Sec.*, 544 F. App'x 839, 841 (11th Cir. 2013) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)). This Court gives deference to the factual findings of the Commissioner, provided those findings are supported by substantial evidence, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).

Nonetheless, this Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)). "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if this Court finds that the

proof preponderates against the Commissioner's decision, it must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400 (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

However, no decision is automatic, for "despite th[e] deferential standard [for review of claims], it is imperative that th[is] Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987) (citing *Arnold v. Heckler*, 732 F.2d 881, 883 (11th Cir. 1984)). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

### III. Discussion

Ms. Mathis argues that the ALJ's decision should be reversed and remanded for three reasons: (1) the ALJ erred in finding that she had no medically determinable impairment at step two; (2) the ALJ failed to make a credibility finding; and (3) the ALJ failed to state with at least "some measure of clarity" grounds for the decision in repudiating the opinion of David Wilson, Ph.D., an examining psychologist.

#### A. Failure to Find Any Medically Determinable Impairment

To be found disabled, Plaintiff had to demonstrate that she was unable to engage in any substantial gainful activity by reason of a medically determinable

physical or mental impairment expected to result in death or to last twelve or more continuous months. *See* 42 U.S.C. § 1382(a)(3)(A); 20 C.F.R. § 404.1505. At step two, the ALJ had to determine whether Plaintiff had a medically determinable impairment or combination of impairments that is "severe." 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment or combination of impairments is "severe" within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). An impairment or combination of impairments is "not severe" when medical and other evidence establishes only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. 20 C.F.R. §§ 404.5121, 416.921; Social Security Ruling(s) ("SSR"s) 88-28, 96-3p, and 96-4p. The burden of showing that an impairment or combination of impairments is "severe" rested at all times with Plaintiff, as the claimant. *Turner v. Comm'r of Soc. Sec.*, 182 F. App'x 946, 948 (11th Cir. 2006) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). Because Plaintiff bore the burden of proving she had a severe impairment, she thus had the burden of establishing the prerequisite for finding a severe impairment, i.e., the existence of a medically determinable impairment. *See Doughty*, 245 F.3d at 1278.

"In claims in which there are no medical signs or laboratory findings to substantiate the existence of a medically determinable physical or mental impairment, the individual must be found not disabled at step [two] of the sequential evaluation process." SSR 96-4p. The record must include evidence from acceptable medical sources to establish the existence of a medically determinable impairment. *See* 20 C.F.R. §§ 404.1513(a), 404.1508 (an "impairment must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques. A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [individuals'] statement[s] of symptoms"); *see also* 20 C.F.R. § 404.1528 (defining symptoms, signs, and laboratory findings). "[U]nder no circumstances may the existence of an impairment be established on the basis of symptoms alone." SSR 96-4p.

Additionally, to be eligible for DIB, Plaintiff had to prove that she became disabled prior to the expiration of her disability insured status. *See* 42 U.S.C. §§ 416(i)(3), 423(a), (c); 20 C.F.R. §§ 404.101, 404.130, 404.131; *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). Plaintiff's disability insured status expired on June 30, 2012. (Tr. at 176). Plaintiff, therefore, had to prove that she was disabled on or before June 30, 2012.

Here, the ALJ concluded that, during the relevant one-month period from Plaintiff's alleged onset date of May 27, 2012, through her date last insured of June 30, 2012, Plaintiff did not have a severe medically determinable impairment that had lasted or could be expected to last for a continuous period of at least twelve months or result in death. (Tr. at 132). For the reasons that follow, substantial evidence supports the ALJ's decision on this point.

While Plaintiff contends that she had various medically determinable severe impairments on the alleged onset date, she largely cites to evidence from prior to the alleged onset date and after the date last insured. For example, Plaintiff reported vague complaints of back pain with alleged gradual onset of symptoms. (Tr. at 133, 495-96). However, based on the objective medical evidence for the period, she essentially had normal examinations, neurologically and otherwise. (Tr. at 133, 495-96). Indeed, there is only one medical examination from the relevant period: a June 19, 2012 examination with Courtney Lowe, M.D, during which Plaintiff complained of back pain and anxiety, but the musculoskeletal exam (including head and neck) was completely normal, as was the psychiatric exam. (Tr. at 495-96). While it was noted that Plaintiff had a history of treatment for anxiety and depression and was dealing with a number of family problems and health issues with her mother, medications were prescribed and had a positive

9

effect. (Tr. at 133, 495-96, 608). Additionally, while the ALJ noted that obesity was present, there simply was no evidence that it imposed any work-related limitations based on available medical evidence for the period. (Tr. at 133).

The ALJ acknowledged that Plaintiff experienced an ankle contusion with a knee and leg sprain on May 27, 2012, in connection with a boating accident, and that she amended her alleged onset date to begin on that date. (Tr. at 132-33, 262). Plaintiff was treated at the Riverview Regional Medical Center Emergency Department, but there was no evidence of further ongoing treatment for these injuries. (Tr. at 133, 605-16). Thus, the evidence indicates that she recovered from her accident within a short period of time and did not experience any long-lasting functional limitations. *See Barnhart v. Walton*, 535 U.S. 212, 217 (2002) (holding that a claimant's impairments and inability to work must last for a continuous period of at least twelve months).

Plaintiff also alleges she had the severe medically determinable impairments of back and neck pain. However, "pain" is a symptom, not a medically determinable impairment. *See* 20 C.F.R. § 404.1528 (defining symptoms, signs, and laboratory findings). Additionally, there were no signs, symptoms, or medically acceptable clinical or laboratory diagnostic techniques from acceptable medical sources establishing Plaintiff had anatomical, physiological, or psychological

abnormalities that established the existence of a medically determinable impairment related to her back and neck during the relevant one-month period. An x-ray of Plaintiff's thoracic spine on November 16, 2011, prior to the alleged onset date, was unremarkable, and while there were abnormalities on an MRI of the cervical spine in November 2011, this MRI was also prior to the alleged onset date, and Plaintiff did not complain of neck pain or symptoms during the relevant time. (Tr. at 495-96, 746). Thus, to the extent that Plaintiff established the existence of a medically determinable impairment related to her neck, it was prior to the alleged onset date and outside of the relevant period, and she has failed to show that it met the twelve-month durational requirement or that it did so prior to the date last insured.

Plaintiff also alleges impairments of sleeplessness, migraine headaches, seizures, asthma, ankle pain due to a fracture in 2004, partial tear of a rotator cuff status post arthroscopic surgery in 2008, ligament tear in the left knee status post meniscectomy in 2009, and tachycardia. However, all of these purported impairments existed years before the alleged onset date, and Plaintiff has failed to identify any evidence showing that they were medically determinable severe impairments that existed during the relevant period and that they met the twelve-month durational requirement. For all of these reasons, substantial evidence

supports the ALJ's determination that Plaintiff did not have any medically determinable impairments that were severe during the relevant time period, and thus that she was not disabled within the meaning of the Social Security Act.

B.  **Credibility Determination**

Contrary to Plaintiff's argument, the ALJ was not required to make a credibility finding in this case. When a claimant attempts to prove disability based on her subjective complaints, she must provide evidence of an underlying medical condition and either objective medical evidence confirming the severity of her alleged symptoms or evidence establishing that her medical condition could be reasonably expected to give rise to her alleged symptoms. *See* 20 C.F.R. §§ 404.1529(a), (b), 416.929(a), (b); SSR 16-3p; *Wilson v. Barnhart*, 284 F.3d 1219, 1225-26 (11th Cir. 2002). If the objective medical evidence does not confirm the severity of the claimant's alleged symptoms but the claimant establishes she has an impairment that could reasonably be expected to produce her alleged symptoms, the ALJ must evaluate the intensity and persistence of the claimant's alleged symptoms and their effect on the claimant's ability to work. *See* 20 C.F.R. §§ 404.1529(c), (d), 416.929 (c), (d); SSR 16-3p; *Wilson*, 284 F.3d at 1225-26.

However, as noted in the preceding section, regardless of how many symptoms an individual alleges, the existence of a medically determinable

impairment cannot be established in the absence of objective medical abnormalities, i.e., medical signs and laboratory findings. *See* SSR 96-4p. As discussed in the preceding section, substantial evidence supports the ALJ's finding that during the relevant time period, Plaintiff did not have a medically determinable severe impairment. Thus, Plaintiff had to be found not disabled at step two, and the ALJ was not required to make a credibility finding, because Plaintiff failed to provide objective medical evidence of a condition causing her pain or other symptoms. *See* 20 C.F.R. § 404.1529(a), (b).

### C. Failure to State the Weight Given to Dr. Wilson's Opinion

David Wilson, Ph.D., a psychologist, saw Plaintiff on a single occasion for an evaluation three years after the date last insured. (Tr. at 133, 897). Plaintiff argues that the ALJ committed reversible error in failing to state with at least "some measure of clarity" his grounds for rejecting Dr. Wilson's opinion. Plaintiff's claim fails.

"An ALJ must consider all medical opinions in a claimant's case record, together with other relevant evidence." 20 C.F.R. § 404.1527(b). "[T]he ALJ must state with particularity the weight given to different medical opinions and the reasons therefor." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011). "In the absence of such a statement, it is impossible for a reviewing court to

determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* (quotation marks omitted). "Therefore, when the ALJ fails to state with at least some measure of clarity the grounds for his decision, we will decline to affirm simply because some rationale might have supported the ALJ's conclusion." *Id.* (internal quotation marks omitted). In *Winschel*, the Eleventh Circuit reversed after determining that it was "possible that the ALJ considered and rejected" two medical opinions because "without clearly articulated grounds for such a rejection, we cannot determine whether the ALJ's conclusions were rational and supported by substantial evidence." *Id.*

In this case, the ALJ stated the following with respect to Dr. Wilson's opinion:

> Dr. David Wilson, a psychologist, saw the claimant on one occasion more than 3 years after the claimant's date last insured of June 30, 2012. His speculation that her current condition relates back to her [date last insured] and his speculation that at that time she would have been absent 30 out of 30 days due to impairments is not consistent with the medical evidence of records from the time that the claimant was insured. (Exhibit 22F).

(Tr. at 133.) Although the ALJ did not state that he was affording Dr. Wilson's opinion "no weight" in so many words, he certainly stated with "clarity" the grounds for his decision, making *Winschel* distinguishable from this case. *See, e.g., Colon v. Colvin*, 660 F. App'x 867, 870 (11th Cir. 2016) (distinguishing *Winschel*

and affirming the Commissioner's decision because the court was not left pondering why the ALJ made the decision he made, noting that the court would not ignore the rest of the opinion merely due to the ALJ's failure to assign the weight to or mention a doctor's opinion); *Carson v. Comm'r of Soc. Sec.*, 373 F. App'x 986, 988-89 (11th Cir. 2010) (affirming an implicit rejection of a doctor's opinion where the ALJ's other findings on the subject matter of the opinion were clear and supported by substantial evidence); *Denomme v. Comm'r of Soc. Sec.*, 518 F. App'x 875, 878 (11th Cir. 2013) (ALJ's failure to specify weight accorded to examiners' opinions was harmless where RFC was consistent with examiners' opinions); *Caldwell v. Barnhart*, 261 F. App'x 188, 191 (11th Cir. 2008) (absence of weight was harmless error where psychologist's opinions did not contradict the ALJ's findings).

Moreover, substantial evidence supports the ALJ's treatment of Dr. Wilson's opinion. The weight afforded to a medical opinion regarding the nature and severity of a claimant's impairments depends, among other things, upon the examining and treating relationship the medical source had with the claimant, the evidence the medical source presents to support the opinion, how consistent the opinion is with the record as a whole, and the specialty of the medical source. *See* 20 C.F.R. §§ 404.1527(d), 416.927(d). Within the classification of acceptable

medical sources are the following different types of sources that are entitled to different weights of opinion: 1) a treating source, or a primary physician, which is defined in the regulations as "your physician, psychologist, or other acceptable medical source who provides you, or has provided you, with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with you;" 2) a non-treating source, or a consulting physician, which is defined as "a physician, psychologist, or other acceptable medical source who has examined you but does not have, or did not have, an ongoing treatment relationship with you;" and 3) a non-examining source, which is a "a physician, psychologist, or other acceptable medical source who has not examined you but provides a medical or other opinion in your case . . . includ[ing] State agency medical and psychological consultants . . . ." 20 C.F.R. § 404.1502. The regulations and case law set forth a general preference for treating medical sources' opinions over those of non-treating medical sources, and non-treating medical sources over non-examining medical sources. *See* 20 C.F.R. § 404.1527(d)(2); *Ryan v. Heckler*, 762 F.2d 939, 942 (11th Cir. 1985). Accordingly, the opinions of a one-time examiner or of a non-examining source are not entitled to the initial deference afforded to a physician who has an ongoing treating relationship with a plaintiff. *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987). In short, an ALJ "may reject the opinion of any physician when

the evidence supports a contrary conclusion." *McCloud v. Barnhart*, 166 F. App'x 410, 418–19 (11th Cir. 2006) (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1240 (11th Cir. 1983)). The Court must also be aware of the fact that opinions such as whether a claimant is disabled, the claimant's RFC, and the application of vocational factors "are not medical opinions, . . . but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability." 20 C.F.R. §§ 404.1527(e), 416.927(d).

Here, although Dr. Wilson examined Plaintiff one time, he did so three years after the date last insured. (Tr. at 897). Dr. Wilson purported to relate his opinion back to before the date last insured, but he did so based on "background records," only a few of which (some of Dr. Lowe's records) actually predate Plaintiff's date last insured. (Tr. at 897). Additionally, he is a psychologist, not a physician, and thus has no expertise regarding Plaintiff's physical condition. The ALJ properly gave his opinion no weight, because it was entirely speculative and completely inconsistent with the treatment notes from the time that Plaintiff was insured. (Tr. at 133, 495-96). Further, Dr. Wilson's opinion that Plaintiff would miss work 30 out of 30 days was not a medical opinion but rather an opinion on an administrative issue reserved to the Commissioner and thus was entitled to no weight. In sum, Dr.

Wilson's examination and the records he relied on that postdate the date last insured say nothing about Plaintiff's condition during the relevant period. Based on the foregoing, the ALJ properly evaluated Dr. Wilson's opinion.

## IV. Conclusion

Upon review of the administrative record, and considering all of Ms. Mathis's arguments, the Court finds the Commissioner's decision is supported by substantial evidence and in accord with the applicable law. A separate order will be entered.

**DONE** AND **ORDERED** ON JANUARY 30, 2019.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

160704